## Dembicki Estate

*Claire G. Biehn,* for petitioner.

*Rodney D. Henry,* guardian ad litem.

SATTERTHWAITE, J., March 19, 1965. — Decedent, Mitchell Dembicki, died May 17, 1963, intestate, leaving as his sole heir and next of kin a daughter, Marie Dembicki, who is a minor sixteen years of age and who resides in Mansfield, Pennsylvania (apparently with her mother, the divorced former wife of decedent). No letters of administration have been issued, and it has been represented that the only asset of decedent's estate is an interest about to be awarded by this court in distribution of remainders under an intervivos trust created by deed of decedent's father and mother some years ago. This award amounts to $463.96 and is in the form of cash.

Decedent's sister, Bertha Dembicki, was the trustee of the parents' inter vivos trust, and she also was apparently the member of the family who handled the

business affairs thereof. She, her parents, and her brothers and sister (including Mitchell Dembicki, the within decedent), all had lived in Quakertown, this County, although apparently not all in the same home. Upon Mitchell's death, Bertha arranged with the funeral director for his funeral and burial, and she herself paid the latter's charges therefor in the amount of $1,244.21. She was partially reimbursed to the extent of $505, consisting of burial death benefits received from the Social Security Administration and from the Veterans' Administration in the respective amounts of $255 and $250. She now claims the within fund of $463.96 by way of further (and still incomplete) reimbursement, and has filed the within petition seeking the award thereof to herself under section 202 of the Fiduciaries Act of April 18, 1949. The application is opposed by a guardian ad litem, appointed by the court herein for decedent's minor daughter Marie, on the grounds that the funeral bill was excessive, that petitioner already has been reimbursed in amounts aggregating as much or more than would be ordinarily allowed in an insolvent estate, and hence, in the absence of other creditors, that the present fund should be awarded in toto to the minor as decedent's sole heir and next of kin.

The court agrees with the guardian. While no policy determination has ever been announced in this judicial district as to the maximum amount allowable for funeral expenses in an insolvent estate, and the within proceedings are not necessarily a proper occasion for determining whether such figure should be less than $500, it does seem clear that allowable funeral expenses certainly should not be more than the latter figure in such a situation. Neighboring jurisdictions have declared applicable limitations on this subject in various amounts: See, e. g., Caruso Estate, 72 D. & C. 411 (Delaware Co., 1949, $300) ; Williams Estate, 8

Fiduc. Rep. 240 (Chester Co., 1958, $400); (but see also Liversidge Estate, 14 Fiduc. Rep. 464, 489, wherein the same court in 1964 allowed $600, citing Williams and without discussion); Steen Estate, 24 D. & C. 2d 539 (Montgomery Co., 1961, $400), (but see also Campion Estate, 14 Fiduc. Rep. 624, wherein the same court in 1964 apparently allowed a sum which, with Social Security benefits, amounted to $462, citing Steen and without discussion); Gobrecht's Estate, 47 D. & C. 134 (Lehigh Co., 1943, $300); Munchel Estate, 75 York 117 (York Co., 1961, $500).

The $505 Social Security and Veterans Administration death benefit funds received by petitioner as the party paying the funeral expenses at least equalled, if it did not exceed, an amount which this court believes should be considered the ceiling for such expenses in insolvent estates. Moreover, for the reasons and authorities considered by Judge Taxis in Steen Estate, supra, such benefits which were intended to be applicable to funeral expenses to the extent actually so applied must be first taken into account, and the estate would be liable only for the difference, if any, between the aggregate of such payments used for that purpose and the maximum allowable. In the instant case, the benefits so to be applied were greater than the policy limitation herein considered, and the estate assets now to be awarded accordingly should not be liable for funeral expenses in any amount.

Petitioner argues, however, that the foregoing considerations work only for the benefit of other creditors, and hence that they should not be invoked where, as here, no other creditors exist. She contends that the distinction is illustrated by the proposition that decedent, by will, could have directed the manner and expense of his burial, and his wishes in that respect would have been binding upon his beneficiaries, although not as to his creditors. The aptness to the with-

in circumstances of the suggested difference in significance, however, escapes the court. In any event, and even if the relevancy and propriety of the argument be conceded as to the case where all beneficiaries are sui juris, it still would not necessarily be equally appropriate to the situation, as here, of parties beneficially interested who are under legal disabilities. As noted by Judge VanRoden in Caruso Estate, supra, 72 D. & C. at 413:

" 'This [the stated ceiling] is certainly a very sensible policy, properly intended to prevent unnecessary lavishness of funerals at the expense of the creditors.' We now add that the same policy further prevents unnecessary lavishness of funerals at the expense of minor children [in specified small estates]."

The court accordingly concludes that the petition of claimant, Bertha Dembicki, should be denied and refused, and that the entire fund of $463.96 should be awarded in the right of decedent's minor daughter, Marie Dembicki.

The guardian ad litem has requested a fee of $100 and allowance of expenses of $16. The court approves the fee in the amount requested, but disallows the separate and additional expenses, believing that they should be absorbed by the guardian ad litem by reason of such fee.